NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISABEL MENDOZA, | Civil Action No.: 13-617 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY. | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court upon the Application and Motion of Elisabel Mendoza ("Plaintiff") to award attorney's fees for her counsel, the Rutgers Civil Justice Clinic (the "Clinic"), pursuant to 28 U.S.C. § 2412(b) and (d) and Local Civil Rule 54.2(d). ECF No. 23. Defendant Commissioner of Social Security (the "Commissioner") opposed Plaintiff's Motion. ECF No. 29. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1]

## I. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), the prevailing party in a non-tort litigation by or against the United States is entitled to attorney's fees and costs "unless the court finds that the position taken by the government 'was substantially justified or that special circumstances make an award unjust.'" Morgan v. Perry, 142 F.3d 670, 682 (3d Cir. 1998)

---

[1] Because this Court writes primarily for the parties, it will not revisit the factual and procedural background of the instant case.

(quoting 28 U.S.C. § 2412(d)(1)(A)). The "party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Newell v. Comm'r Soc. Sec., 121 F. App'x 937, 339 (3d Cir. 2005) (internal citation and quotation marks omitted). The Commissioner does not contest that Plaintiff is a "prevailing party" under § 2412(d) and does not contest that Plaintiff is entitled to fees. Accordingly, the only issues before the Court are whether Plaintiff's fee and hour calculations are reasonable and the Commissioner's request that any award of EAJA fees be made to Plaintiff directly, not to the Clinic.

## II. HOUR CALCULATIONS

Plaintiff seeks fees for 53 hours of work by Plaintiff's counsel and has included a log of time spent on various aspects of the case.[2] ECF No. 23 at 8. In objecting to Plaintiff's request, the Commissioner divided the logged time into four categories: (1) "Preliminary Hours" consisting of the 10.25 hours spent prior to January 31, 2013 filing of the Complaint in this action; (2) "Pre-Offer of Remand Hours" consisting of the 14.25 hours spent after the preliminary hours up to the Commissioner's offer of remand on August 7, 2013; (3) "Post-Offer of Remand Hours" consisting of the 16.5 hours spend after the 2013 offer of remand through the May 27, 2014 Order remanding the case; and (4) "EAJA Hours" consisting of the 12.5 hours relating to Plaintiff's motion for attorney's fees pursuant to EAJA. ECF No. 29 at 5.

In its opposition, the Commissioner did not object to Plaintiff's submission of 14.25 Pre-Offer of Remand Hours. See ECF No. 29 at 17. However, the Commissioner contended that Plaintiff's hours calculation in each of the following categories is unreasonable and should

---

[2] The Court notes, however, that the attached time log appears to contain a record of work totaling 53.5 hours. ECF No. 23 at 16-18.

therefore be reduced or denied entirely: (a) "Preliminary Hours"; (b) "Post-Offer-of-Remand Hours"; and (c) "EAJA Hours."

In her Reply, Plaintiff agreed to certain reductions in the contested hours, and requested fees for another 9.0 hours of work engaged in following the submission of the EAJA application. ECF No. 30 at 15.

A.   **Preliminary Hours**

The Commissioner contends that the "Preliminary Hours" the Clinic spent on Plaintiff's case should be reduced for three reasons: (1) the Clinic performed four hours of work while this matter was still technically in administrative proceedings and, as such, those four hours are not compensable under the EAJA; (2) the Clinic engaged in overlitigation by filing a five-page complaint instead of the sample form complaint available on the website of the U.S. District Court for the District of New Jersey; and (3) some of the work submitted for EAJA fees could have been performed by clerical staff. See ECF No. 29 at 13–17.

In response to the Commissioner's objections, Plaintiff agreed to reduce the "Preliminary Hours" for which she has requested compensation by 25% to 7.69 hours. See ECF No. 30 at 9, 20. The Court declines to further reduce Plaintiff's award for the following reasons:

First, to the extent Plaintiff seeks compensation for hours that the Clinic worked while this matter was technically still in administrative proceedings, Plaintiff's time log indicates that these hours were spent deciding strategy for the appeal and meeting with the client to discuss the same, see ECF No. 23 at 16. While the Commissioner sets forth substantial case law in support of the general proposition that under the EAJA Plaintiff cannot recover attorney's fees for work on the underlying administrative proceeding, see ECF No. 29 at 13-14, the same case law recognizes that "some of the services performed before a lawsuit is formally commenced by the filing of a

3

complaint are performed 'on the litigation,' [and the] [m]ost obvious examples are the drafting of the initial pleadings and the work associated with the development of the theory of the case." Webb v. Bd. of Educ. of Dyer Cty., Tenn., 471 U.S. 234, 243 (1985). Second, the Court does not find that a five-page complaint is excessive, even if Plaintiff could conceivably have submitted a shorter complaint. Third, as Plaintiff agreed to reduce her fees for preliminary hours by twenty-five percent, the hours billed for work that could have been performed by clerical staff are reasonable. See Mendoza v. Comm'r of Soc. Sec., No. 11-3363 (SRC), at 3 (D.N.J. May 14, 2014) (finding, in a previous case associated with Plaintiff's benefits claim, that where clerical work was performed, a twenty-five percent reduction in EAJA fees was appropriate). Accordingly, Plaintiff's fee request for 7.69 "Preliminary Hours" is reasonable.

### B. Post-Offer of Remand Hours

The Commissioner also urges this Court to deny Plaintiff's application for attorney's fees for "post-offer of remand hours"; that is, the hours the Clinic spent litigating this matter after the Commissioner offered on August 7, 2013, to consent to remand Plaintiff's application to the administrative law judge. The Commissioner contends that Plaintiff's post-offer of remand hours should be reduced based on the Third Circuit's holding in a previous case associated with Plaintiff's benefits claim. In that case, Judge Chesler categorically declined to award attorney's fees for the hours spent working on the case after the date the Commissioner offered a consent remand. On appeal, the Third Circuit affirmed in part and vacated in part. The Third Circuit noted its sense there may have been "overlitigation," but it also found that "categorically reject[ing] any and all fees incurred after the consent remand offer" was improper and it remanded for recalculation of the fee award. See Mendoza v. Astrue, Civ. No. 12-3565 (Sept. 10, 2013).

Accordingly, this Court will consider the specific nature of the work for which fees are

4

sought.[3] The Court disagrees with the Commissioner's broad contention that Plaintiff is not entitled to fees for the Clinic's work subsequent to the Commissioner's offer of remand. Instead, the Court finds an award of fees to be appropriate for some of this time. In particular, as the Clinic was not obligated to accept the Commissioner's offer of consent remand without at least attempting to negotiate the terms of the consent remand, the Court finds Plaintiff is entitled to fees for the 1.75 hours of "post-offer of remand" work from August 8, 2013 to August 13, 2013,[4] during which time the Clinic exchanged emails with the Commissioner in an effort to negotiate the terms of a consent remand. See ECF No. 23 at 16–17. Similarly, the Court will award fees for the 0.5 hours spent on May 27, 2014, reviewing the Court's remand order. However, the remaining 14.25 hours spent fully briefing the issues in this case are not reasonable in light of the Commissioner's remand offer and Plaintiff's lack of success in opposing the offer to remand. Accordingly, the Court will reduce the hours awarded to 7.13.

Therefore, this Court finds Plaintiff is entitled to attorneys' fees for 9.38 hours of work the Clinic engaged in from August 8, 2013 through May 27, 2014.

### C. EAJA Hours

The Commissioner next contends the Clinic's "EAJA hours" are excessive because the instant Application is essentially identical to Plaintiff's previous EAJA application in this case. ECF No. 29 at 10–11 (citing ECF No. 25). Therefore, the Commissioner urges, Plaintiff's fee

---

[3] The Court notes that the time spent working on the fee application, which was specifically identified by the Third Circuit in its opinion, is considered separately below.

[4] The "Time Log" in Plaintiff's Brief in Support of her Motion appears to erroneously list several tasks as performed on various dates in August 2014. See ECF No. 23 at 17. As it is clear from the context of the "Time Log" as a whole that these tasks were in fact performed in August 2013, this Court assumes that these tasks were performed in August 2013, not August 2014.

request for the time spent on the Application should be reduced from 12.5 hours to .5 hours. Id. In her answer, Plaintiff notes that the 12.5 EAJA hours to which the Commissioner objects were devoted to drafting not only the Application itself but also the brief in support of Plaintiff's Motion. ECF No. 30 at 7.[5] The Commissioner objected only to the hours billed for the Application. See id. In an effort to accommodate the Commissioner's objections concerning the hours billed for her Application, Plaintiff agreed to reduce her request for compensation for time spent on the Application from 1.25 to .5 hours, reducing the total EAJA hours from 12.5 to 11.75. Id.

Because the Commissioner does not appear to object to the Clinic's representation as to how it allocated the EAJA Hours, and has not clearly objected to the time spent working on the brief in support of the EAJA motion, this Court may not further reduce Plaintiff's attorney's fees for the EAJA hours. See United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 212 (3d Cir. 2000) (holding that in the absence of a Government objection that fees are excessive, a district court may not, sua sponte, reduce EAJA fees). Plaintiff is therefore entitled to compensation for a total of 11.75 hours spent litigating EAJA fees.

### D. Post-EAJA Hours

Along with the Reply brief, Plaintiff submitted a request for fees for 9.0 hours spent responding to the Commissioner's motion in opposition to Plaintiff's fee application. See ECF

---

[5] The Court notes that the Clinic did not initially differentiate between time spent on the Application and time spent on the brief. Rather, the Clinic sought to bill nine hours for "work on EAJA Motion/Application and Brief in support" and 3.5 hours for "corrections/editing of Motion/Application and Brief." ECF No. 23 at 17. The first time the Clinic represented that it spent only 1.25 of those hours on the Application and the remainder on the brief was in its Brief in Reply. ECF No. 30 at 7. Nevertheless, because this Court finds 11.25 hours is a reasonable amount of time to spend on a thirty-nine-page brief, it will accept the Clinic's representation as to how it allocated its time. See Maldonado v. Houstoun, 256 F.3d 181, 186 (3d Cir. 2001) (holding 120 hours is reasonable for a forty-one-page brief on a "single uncomplicated issue").

No. 30 at 15. Notably, the Commissioner did not request to file a sur-reply to object to these hours. See, e.g., Uhl v. Colvin, No. 1:13-CV-01303-SMS, 2016 WL 3361800, at *5 (E.D. Cal. June 16, 2016) (noting that the reply brief aided the Court in its consideration of Plaintiff's motion and that the Commissioner did not request the opportunity to file a sur-reply); Garcia v. Colvin, No. 1:11-CV-01965-SKO, 2013 WL 5347494, at *6 (E.D. Cal. Sept. 23, 2013) (noting the failure of the Commissioner to object in granting fees). The Court finds Plaintiff's request for fees for the additional 9.0 hours is reasonable.

## III. FEE CALCULATIONS

The parties also dispute the rate at which attorney's fees should be awarded. Section 2412 of the EAJA provides that fees may be awarded in certain suits in which the United States is a party. Subsection (d) of § 2412 of the EAJA provides that "a court shall award to a prevailing party other than the United States fees . . . , incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

For the purpose of subsection (d), the EAJA provides that the "amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished." EAJA § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." EAJA § 2412(d)(2)(A). Based on the statutory rate of $125 dollars per hour and adjustments based on cost of living, Plaintiff argues that at a minimum, she is entitled fees at a rate of $196.21 per hour. ECF No. 23 at 5-6, ECF No, 24 at 28-30. The Commissioner does not object to Plaintiff's request for fees at the inflation-adjusted statutory rate of $196.21 per hour. See ECF No. 29 at 17-19.

7

Plaintiff further requests that this Court award "market rate fees" above the statutory cap based on the Commissioner's alleged bad faith under subsection (b) of § 2412. See ECF No. 24 at 10-28. Although the general American rule provides that "in the absence of an explicit statutory exception, a prevailing litigant is not entitled to recover attorney's fees from the losing party," there is a "narrow" exception that allows for a court to "award reasonable attorney's fees 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Pearlstine v. United States, 649 F.2d 194, 196 (3d Cir. 1981) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)); see also Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc., 976 F.2d 541, 550 (9th Cir. 1992) ("Expansively applied, the bad faith exception risks conflict with the rationale of the American rule and hence should be construed narrowly." (footnote omitted)). Section 2412(b) of the EAJA functions as a waiver of sovereign immunity and allows for the award of attorney's fees under the bad faith exception to the traditional American rule against fee shifting. See, e.g., Newmark v. Principi, 283 F.3d 172, 177 (3d Cir. 2002); Hyatt v. Apfel, 195 F.3d 188, 192 (4th Cir. 1999). As fees awarded under § 2412(b) are not subject to the cap provided for in § 2412(d)(2)(A), Newmark, 283 F.3d at 178, Plaintiff requests that fees be awarded at a claimed market rate of $510 per hour. ECF No. 23 at 8-10.

Plaintiff acknowledges that "no lack of good faith at the Court litigation level" is alleged here, and instead bases its claim for market rate fees on a "lack of good faith by the SSA at the administrative level." ECF No. 30 at 1. Plaintiff's allegations of bad faith stem from the administrative law judge's ("ALJ") failure to comply with a binding remand order from the Social Security Administration's Appeals Council. ECF No. 24 at 13-14. Specifically, Plaintiff argues that "the SSA's lack of good faith effort to execute a remand order, thereby forcing a claimant to undertake otherwise unnecessary litigation to have the remand order effectuated, justifies a market

8

rate award under § 2412(b)." ECF No. 24 at 13-14. In support of this position, Plaintiff relies on the District of Columbia Circuit's language in American Hospital Ass'n v. Sullivan, 938 F.2d 216, 220 (D.C. Cir. 1991), which states: "Bad faith in conduct giving rise to the lawsuit may be found where 'a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights.'" (citation omitted).[6] Language in other cases, however, suggests the authority to grant attorney's fees is more limited and does not extend to pre-litigation conduct. See Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc., 313 F.3d 385, 391 (7th Cir. 2002) (stating the authority to award attorney's fees "is a residual authority, to be exercised sparingly, to punish misconduct (1) occurring in the litigation itself, not in the events giving rise to the litigation . . . , and (2) not adequately dealt with by other rules . . . ."); N. Star Alaska Hous. Corp. v. United States, 85 Fed. Cl. 241, 248, (finding that the government's abuse of the claim resolution process required by the Contract Disputes Act did not support a claim for attorney's fees under § 2412(b)), aff'd, 356 F. App'x 415 (Fed. Cir. 2009).

Ultimately, the Court need not reach this general question, because even if this Court assumes that pre-litigation activities may support the award of market rate fees, Plaintiff has not

---

[6] While Plaintiff also cites to Lear Siegler, Inc., Energy Prod. Div. v. Lehman, 842 F.2d 1102, 1118 (9th Cir. 1988), the Court notes that the relevant section of that opinion was later withdrawn by the Ninth Circuit sitting en banc, see Lear Siegler, Inc., Energy Prod. Div. v. Lehman, 893 F.2d 205, 208 (9th Cir. 1989) (en banc) (per curiam). Furthermore, to the extent Plaintiff relies upon the general statement in Hall v. Cole, 412 U.S. 1, 15 (1973), that "'bad faith' may be found not only in the actions that led to the lawsuit, but also in the conduct of the litigation," this Court finds compelling the Ninth Circuit's statement in Association of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc., 976 F.2d 541, 550 (9th Cir. 1992), that this phrasing is ambiguous and may simply "refer instead to bad faith conduct in filing a frivolous or vexatious lawsuit."

shown that the standard provided in American Hospital Association, has been met. Specifically, Plaintiff has not shown that a remand order from the Appeals Council serves to establish "a clear statutory or judicially-imposed duty towards another." Rather, with limited exception[7] the cases Plaintiff cites appear to all involve bad faith during litigation or failure to comply with a court order. Hyatt v. Shalala, 6 F.3d 250, 255-56 (4th Cir. 1993) (granting of market rate fees based on "conduct that continued throughout th[e] litigation"); Brown v. Sullivan, 916 F.2d 492, 496 (9th Cir. 1990) ("Still, despite the court order, the Secretary failed to produce the transcription within the ordered time period."); Aero Corp. v. Dep't of the Navy, 558 F. Supp. 404, 420 (D.D.C. 1983) ("The facts demonstrate bad faith in the litigation, including failure to follow Court Orders, and not merely a failure to follow the law." (emphasis in original)); Hinton v. Sullivan, No. 84 CIV. 9276 (CES), 1991 WL 123960, at *1 (S.D.N.Y. July 2, 1991) (failure to follow court's remand order); Velazquez v. Heckler, 610 F. Supp. 328, 332 (S.D.N.Y. 1984) (finding pursuit of the litigation and refusal to remand supported bad faith claim).

In light of the long line of cases supporting a narrow interpretation of the bad faith exception to the American rule against fee shifting and the dearth of Third Circuit law on point,[8] this Court will not expand the exception to encompass the present case. Accordingly, the Court finds Plaintiff is entitled to fees at a rate of $196.21 per hour.

---

[7] Chee v. Schweiker, 563 F. Supp. 1362, 1365 (D. Ariz. 1983) (finding bad faith in terminating Plaintiff's benefits supported fees under § 2412(b)).

[8] The only Third Circuit precedent Plaintiff cites is Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191 (3d Cir. 1988), which addressed federal sanctions pursuant to Federal Rule of Civil Procedure 11, not fee awards pursuant to the EAJA.

## IV. RECIPIENT OF EAJA FEES

Finally, Defendant urges this Court to make any award of EAJA fees directly to Plaintiff. See ECF No. 29 at 19. The Court agrees that EAJA fees must be paid directly to Plaintiff, not her attorneys. See Astrue v. Ratliff, 560 U.S. 586, 591 (2010) (holding award of EAJA fees are payable to plaintiff, not her attorney).

## V. CONCLUSION

Plaintiff's motion for attorneys' fees, ECF No. 23, is granted in part and denied in part. Plaintiff is entitled to attorneys' fees for 52.07 hours of work, (7.69 Preliminary Hours, 14.25 Pre-Offer of Remand Hours, 9.38 Post-Offer of Remand Hours, 11.75 EAJA Hours, and 9.0 post-EAJA hours). Plaintiff is entitled to fees at an hourly rate of $196.21 per hour. Accordingly, Plaintiff is entitled to $10,216.65 in total fees, which should be directly awarded to Plaintiff.

An appropriate Order accompanies this Opinion

Dated: May 9, 2017

CLAIRE C. CECCHI, U.S.D.J.